IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD PIKE,

     Plaintiff,

v.                                    No. CIV 02-0368 WJ/DJS

NATIONAL CHECK BUREAU, INC.,

     Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFAULT JUDGMENT AS TO LIABILITY

THIS MATTER comes before the Court pursuant to Plaintiff's motion for default judgment [Docket No. 5].

In order for the Court to enter default judgment against a Defendant, it must find that the Defendant was properly served in accordance with the Federal Rules of Civil Procedure and subsequently failed to answer, defend, or otherwise appear in the case within the time provided in the Rules. If a Defendant has been properly served and has failed to defend, the Court may enter default judgment as to the issue of liability in accordance with Fed. R. Civ. P. 55(b)(2). Tenth Circuit case law makes clear that the Court may not enter default on the issue of damages without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation. Plaintiff here has requested default judgment on the issue of liability only and has simultaneously requested a hearing on the issue of damages.

Rule 4 of the Federal Rules of Civil Procedure permits service on a corporation in a judicial district of the United States pursuant to the law of the state in which the district court is located. Fed. R. Civ. P. 4(h)(1) and 4(e)(1). New Mexico permits service on a foreign corporation by delivering a copy of the complaint and summons to any agent authorized by law to receive service of process. Rule 1-004(F)(2) NMRA. New Mexico law provides that the Secretary of State is the authorized agent to receive service of process on behalf of a foreign corporations that does not have a designated agent in the State of New Mexico. N.M. Stat. Ann. 1978 § 38-1-6(B). The Secretary of State, upon being served, must give notice to the foreign corporation by certified or registered mail. N.M. Stat. Ann. 1978 § 38-1-6(C).

Documentation in the record indicates that New Mexico Secretary of State Rebecca Vigil-Giron received for this case service of the summons, complaint, and consent to proceed before a U.S. Magistrate on behalf of National Check Bureau, Inc. Additionally, Secretary of State Vigil-Giron mailed these same documents via Registered Mail Return Receipt Requested to the Defendant's address on April 8, 2002. The return receipt indicates it was received at that address on April 11, 2002. A Clerk's Entry of Default was filed in this case on May 9, 2002 indicating that Defendant has failed to file an answer or other responsive pleading.

This Court finds that Defendant National Check Bureau, Inc. was properly served in accordance with the Federal Rules of Civil Procedure and subsequently failed to answer, defend, or otherwise appear in the case within the time provided in the Rules.

Thus, Plaintiff is entitled to default judgment on the issue of liability in accordance with Fed. R. Civ. P. 55(b)(2).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for default judgment [Docket No. 5] is hereby GRANTED as to the issue of liability with an evidentiary hearing to be set on the issue of damages.

_____

UNITED STATES DISTRICT JUDGE